## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JAMES A. ANTHONY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 1:23-cv-00017-NT |
| | ) |
| AROOSTOOK COUNTY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendant | ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Plaintiff James A. Anthony sues the Aroostook County Sheriff's Department pursuant to 42 U.S.C. § 1983 for false arrest in violation of his federal Fourth Amendment rights. *See* Complaint (ECF No. 1); Civil Cover Sheet (ECF No. 2). He also requests that an attorney be appointed to represent him in this matter. *See* Complaint at Page ID # 5; Summary Sheet (ECF No. 1-2) at Page ID # 9. Having granted Anthony's application to proceed *in forma pauperis*, *see* Order (ECF No. 8), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I deny Anthony's request for the appointment of an attorney and recommend that the Court dismiss the complaint unless Anthony amends it within the fourteen-day objection period to state a claim.[1]

---

[1] Anthony filed two other complaints on the same day that have also been referred to me for section 1915 review, *Anthony v. Houlton Police Department*, No. 1:23-cv-00016-NT, and *Anthony v. Aroostook County Jail*, No. 1:23-cv-00018-NT.

1

## I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds

upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

Anthony alleges the following facts. On an unspecified date, the Aroostook County Sheriff's Department arrested him although he begged them to investigate the incident and told them that he did not do it. Complaint at Page ID ## 4-5.[2] His hands had no marks and did not fit the bruises, and he has recordings and witnesses to prove his innocence. *Id.* at Page ID # 4. The Sheriff's Department conducted no investigation. *Id.* As a result, Anthony has required counseling and has been diagnosed with severe anxiety and depression and suicidal thoughts. *Id.* at Page ID # 5.

Anthony seeks relief in the form of speedy court dates, a no-contact order to the Sheriff's Department during this litigation, the cessation of domestic assault punishments, and damages of $500,000.

## III. Discussion

### A. Civil Rights Violation (Fourth Amendment)

"The Fourth Amendment protects an individual's right to be free from unreasonable seizure." *French v. Merrill*, 15 F.4th 116, 123-24 (1st Cir. 2021). "A warrantless arrest by a law enforcement officer is a reasonable seizure under the

---

[2] Anthony does not specify the crime for which he was arrested. *See* Complaint at Page ID # 4. However, that crime presumably is domestic assault. He describes the relief he seeks as including a "stop to Domestic Assault punishments." *Id.* at Page ID # 5.

3

Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Id.* at 124 (cleaned up).

In turn, "[p]robable cause exists where at the moment of the arrest, the facts and circumstances within the officers' knowledge and of which they had reasonably reliable information were adequate to warrant a prudent person in believing that the object of his suspicions had perpetrated or was poised to perpetrate an offense." *Id.* (cleaned up). To determine whether probable cause exists, a court considers "the totality of the circumstances," recognizing that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id.*

For two key reasons, the Plaintiff fails to state a claim of false arrest against the Aroostook County Sheriff's Office.

First, he omits "the crucial detail of who, what, when, where, and how" required to state a plausible claim. *Byrne*, 2020 WL 1317731, at *5; s*ee also, e.g., Dewey v. Univ. of N.H.,* 694 F.2d 1, 3 (1st Cir. 1982) (A "claim [must] at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why."); *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995) ("[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims."). He fails to describe any circumstances of the arrest, including who arrested him, when, where, how, for what alleged crime, and what he told or showed any arresting officer to demonstrate his innocence.

Second, he fails to make a colorable claim that the only defendant sued—the Aroostook County Sheriff's Department—is liable for any false arrest. "The Supreme Court . . . has set a very high bar for assessing . . . liability" against a municipality such as the Sheriff's Department predicated on alleged constitutional violations. *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005). The challenged action or actions "must constitute a policy or custom attributable to" the Sheriff's Department. *Id.* (cleaned up). "[E]vidence of a single incident is insufficient, *in and of itself,* to establish a municipal 'custom or usage.'" *Mahan v. Plymouth Cnty. House of Corr.*, 64 F.3d 14, 16-17 (1st Cir. 1995) (cleaned up). "Further, the Supreme Court has imposed two additional requirements: 1) that the [Sheriff's Department's] policy or custom actually have caused the plaintiff's injury, and 2) that the [Sheriff's Department] possessed the requisite level of fault, which is generally labeled in these sorts of cases as 'deliberate indifference.'" *Young*, 404 F.3d at 26.

Anthony alleges no facts stating a claim that the Sheriff's Department is liable for a Fourth Amendment violation in connection with his alleged false arrest.

### B. Request to Appoint an Attorney

There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Rather, an indigent pro se litigant is entitled to appointed counsel in a civil case only if he can demonstrate that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process

5

rights." *Id*. "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id*. at 24.

For the reasons discussed above, Anthony fails to make any showing that a denial of his request for the appointment of an attorney would likely result in fundamental unfairness impinging on his due process rights. Accordingly, I deny that request.

## IV.  Conclusion

For the foregoing reasons, I **DENY** Anthony's request for the appointment of an attorney and recommend that the Court **DISMISS** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he amends it within the fourteen-day objection period to state a claim.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge